Gildersleeve, J.
the regular course of business, undertook to make and deliver to the plaintiff a pair of eyeglasses in accordance with a certain prescription. The plaintiff accepted the glasses, in ignorance of any defect, paid the defendants therefor, and commenced their use. The judgment herein, now before us for review, is in favor of the plaintiff, and against the defendants, and awards to the plaintiff $750, as damages for personal injuries arising from the alleged negligence of the defendants in the construction of the eyeglasses in question. The basis of the action, as alleged in the complaint, is defendants’ negligence. The answer is a denial of the negligence, and sets up as a separate defense, an accord and satisfaction of the claim set forth in the complaint.
The point urged by the appellants that the only claim against defendants must rest upon “a sale coupled with an implied warranty” is not well taken. The plaintiff very properly grounded her cause of action on the negligence of the defendants. The complaint clearly sets forth a cause of action. If the plaintiff sustained injuries that flowed from a defective or erroneous construction of the glasses by defendants, they were guilty of actionable negligence,—guilty because they committed a breach of duty they owed to the plaintiff. The gist of the action,' as alleged in the complaint, is the failure of defendants to exercise that reasonable decree of skill and caution which under the circumstances, might have avoided the injury. 4 Wait, Act. & Def. p. 656; Kahl v. Love, 37 N. J. Law, 5, 8; Railroad Co. v. Bingham, 29 Ohio St. 369; Cow. Treat. (7th Ed.) § 290; Carpenter v. Blake, 75 N. Y. 12.
The plaintiff’s claim falls within the rule laid down in Bellenger v. Craigue, 31 Barb. 534, where it was stated as follows:
“The law implies a promise on the part of the surgeon that he has ordinary skill, and that he will execute the business intrusted to him with ordinary care and skill. If he fails in this duty, he is liable in damages to the .persons who employed him.”
To the same effect is the case of Beckwith v. Oatman, 43 Hun, 265; 5 St. Rep. 445.
This principle is most recently invoked in the case of Isham v. Post, 141 N. Y. 100; 56 St. Rep. 56, where the general' rule is stated as follows:
*185 “IE a person’s situation or employment implies ordinary skill or knowledge adequate to the undertaking, he will be responsible for any losses or injuries resulting from the want of the exercise of such skill or knowledge.”
It will not be denied that the business of opticians requires-special knowledge and skill, and also great caution and prudeneg. The defendants, in accepting the prescription from plaintiff and undertaking to fill it, assumed a skill adequate to, and the care necessary for, a competent and proper completion of the work. They undertook to exercise due care and skill in preparing the glasses. If they failed in this duty, they are liable for the injuries-resulting from their negligence.
Earl, J., in Ehrgott v. Mayor, etc., 96 N. Y. 281, says that:
“The best statement of the rule is that a wrongdoer is responsible for the natural and proximate consequences of his misconduct, and what are such consequences must generally be left to the determination of the jury.”
• The jury, under proper instructions from the learned judge, presiding at the trial, upon competent and sufficient evidence, found that the defendants were guilty of negligence in the construction of the glasses. This finding was fully warranted, and should not be disturbed. The damages awarded are not excessive.
As to the alleged accord and satisfaction, set up as an affirmative defense, if it can be said to be such as the law recognizes, the evidence was insufficient to establish this defense. When we give to Mr. Ga Nun’s statements of what transpired at the interview at which it is claimed the alleged agreement of settlement was made the broadest and fullest significance in support of defendants’ contention on this point, they fail to show an accord and satisfaction. We think the jury was fully justified in finding that the plaintiff’s injuries were the direct result of the wearing of the glasses which were negligently constructed by defendants. The jury was fully and faily instructed by the court on all the questions of law affecting the case, and we find no error in the rulings on question of evidence.
The judgment and order appealed from should be affirmed,, with costs. All concur.